# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SELECIA SHERYL VAN, )<br> )<br> Plaintiff, )<br>v. ) Case No. CIV-19-154-JFH-SPS<br> )<br>COMMISSIONER of the Social )<br>Security Administration, )<br> )<br> Defendant. ) | |

## REPORT AND RECOMMENDATION

The claimant Selecia Sheryl Van requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration denying her application for benefits under the Social Security Act. She appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining she was not disabled. For the reasons discussed below, the Commissioner's decision should be hereby AFFIRMED.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if h[er] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. § 423 (d)(2)(A). Social security regulations

implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: (1) whether the decision was supported by substantial evidence, and (2) whether the correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term "substantial evidence" requires "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). However, the Court may not reweigh the evidence nor substitute its discretion for that of the agency. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in

---

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. *Id.* §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if her impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to one), she is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must establish that she lacks the residual functional capacity (RFC) to return to her past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work existing in significant numbers in the national economy that the claimant can perform, taking into account her age, education, work experience, and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

### Claimant's Background

The claimant was forty-six years old at the time of the administrative hearing (Tr. 32). She completed high school and has worked as a short order cook (Tr. 22, 176). The claimant alleges she has been unable to work since an alleged onset date of February 27, 2017, due to her left foot having a metal plate with eight screws, back problems, arthritis, and depression (Tr. 175).

### Procedural History

On June 1, 2017, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. Her application was denied. ALJ Daniel Curran conducted an administrative hearing and determined that the claimant was not disabled in a written decision dated August 23, 2018 (Tr. 15-24). The Appeals Council denied review, so the ALJ's decision represents the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 404.981.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 404.1567(b), *i. e.*, she could lift/carry no more than ten pounds occasionally or frequently, sit six hours in an eight-hour workday, and stand/walk two hours in an eight-hour workday. Additionally, he found she could understand, remember, and manage mostly simple, and perhaps somewhat more complex, but mostly repetitive

instructions. He further found she needed work that required no skills or was learned with hands on, individual training, but that she could not perform work that requires production quotas and cannot perform assembly line work (Tr. 21). The ALJ thus concluded that although the claimant could not return to her past relevant work, she was nevertheless not disabled because there was work she could perform, *e. g.*, lens inspector, print inspector, and button inspector (Tr. 22-24).

## Review

The claimant's sole contention of error is that the ALJ failed to properly assess her subjective complaints. The undersigned Magistrate Judge finds this contention unpersuasive for the reasons set forth below.

The ALJ determined that the claimant had the severe impairments of depression, late effects of remote ankle fracture status post surgery, and obesity (Tr. 17). The relevant medical evidence reveals that the claimant underwent a consultative examination with Dr. Terry Kilgore on June 20, 2016 (Tr. 291). Dr. Kilgore noted the claimant was obese and walked with a mild limp on her left leg, and he further documented numerous range-of-motion limitations (Tr. 291-297). He assessed her with left ankle fracture, left ankle pain, chronic back pain, depression, and obesity (Tr. 293). The following year, on July 25, 2017, Dr. Kilgore again examined the claimant, noting some range of motion limitations, and assessed her with fractured left ankle, chronic left ankle pain, chronic low back pain, and mild depression (Tr. 305-311). He further noted that her left ankle pain and back pain appeared to be musculoskeletal and exacerbated by her obesity, and that she had "elements of depression" but had never been treated with medication or by a counselor (Tr. 307).

On June 22, 2016, Dr. Thersa Horton, Ph.D., conducted a diagnostic interview and mental status examination of the claimant (Tr. 300). Dr. Horton noted the claimant appeared to be operating in the low range of borderline intelligence, and that her pace was slow, but her judgment was appropriate although insight was poor (Tr. 302). Dr. Horton assessed the claimant with borderline intellectual functioning and major depressive disorder (recurrent, mild to moderate) (Tr. 302). Dr. Horton stated that the claimant appeared capable of understanding, remembering, and managing mostly simple and somewhat more complex, but mostly repetitive instructions and tasks (consistent with her employment as a cook). Additionally, Dr. Horton noted that the claimant would have difficulty learning a new skill and would do best with hands-on individual training, and that her slow pace would affect her productivity level (Tr. 303).

The following year, on August 1, 2017, Dr. Betty J. Feir, Ph.D., conducted a second mental status examination of the claimant (Tr. 314). Dr. Feir estimated the claimant had an IQ in the range of 71-79 and assessed the claimant with adjustment disorder with depressed mood (Tr. 316). She noted no deficits in concentration, persistence, and pace during her interview (Tr. 317).

The only treatment records available for the claimant indicate a wellness check to establish care on October 17, 2017; a March 12, 2018 visit for left ankle pain and swelling; and a follow-up visit on May 10, 2018 after an ER visit related to her gallbladder (Tr. 320-328).

State reviewing physicians reviewed the record and determined initially and upon review that the claimant could perform light work, but was limited to only occasional

push/pull with the left lower extremity, as well as only occasionally climbing ramps/stairs and balancing, only frequently stooping, kneeling, crouching, and crawling, as well as never climbing ladders/ropes/scaffolds (Tr. 57-58, 73-74). Additionally, state reviewing physicians assessed the claimant's mental impairment, completed a mental RFC assessment, and found she could perform simple and some complex tasks, relate to others on a superficial work basis, and adapt to a work situation (Tr. 60-61, 75-76).

At the administrative hearing, the claimant testified that her weight fluctuated but that she currently weighed around 300 pounds, and that her leg causes her to fall approximately twice a month (Tr. 35-36). She testified that her pain was daily, and that she takes over-the-counter medications to manage the pain, and she also props her leg up a couple of hours per day (Tr. 37-38). She testified that she had been prescribed a medication for her leg but that it expired and she was not given a refill (Tr. 40).

In his written opinion at step four, the ALJ summarized the claimant's hearing testimony as well as the medical evidence in the record. As to the claimant's subjective statements, the ALJ found that the claimant's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record[.]" (Tr. 21). He noted the claimant had no longitudinal or follow-up examinations, although he acknowledged and accounted for Dr. Kilgore's findings that the claimant walked with a slight limp and had a reduced range of motion, but otherwise had normal findings. Additionally, he noted the findings of Dr. Horton and Dr. Feir, including Dr. Horton's note

regarding the claimant's slow pace (nevertheless finding the claimant could understand, remember, and manage simple and somewhat more complex instructions), but that Dr. Feir found she did not have two or more areas with significant limitations in adaptive functioning (Tr. 22). He then found that, in light of, *inter alia*, the lack of longitudinal evidence and mild to moderate findings in three separate consultative examinations, that a limitation to sedentary work was appropriate (Tr. 22). He then assigned little weight to the opinions of the state reviewing physicians as to her physical impairments, noting the state reviewing physician findings limiting the claimant to light work, but finding that the claimant was more appropriately assigned to sedentary work given her combination of impairments and the impact of her obesity (Tr. 22). He then stated, "While the evidence does not entirely support the claimant's extensive complaints, a level of limitation beyond what the State Agency found could reasonably result from her combination of impairments." (Tr. 22). Ultimately, he determined that the claimant was not disabled.

The claimant contends that the ALJ erred in assessing her subjective statements, asserting the ALJ solely and improperly relied on lack of support from objective evidence. The Commissioner uses a two-step process to evaluate a claimant's subjective statements of pain or other symptoms:

> First, we must consider whether there is an underlying medically determinable physical or mental impairment(s) that could reasonably be expected to produce an individual's symptoms, such as pain. Second . . . we evaluate the intensity and persistence of those symptoms to determine the extent to which the symptoms limit an individual's ability to perform work-related activities . . .

Soc. Sec. Rul. 16-3p, 2017 WL 5180304, at *3 (October 25, 2017).[2]  Tenth Circuit precedent is in accord with the Commissioner's regulations but characterizes the evaluation as a three-part test. *See e. g., Keyes-Zachary v. Astrue,* 695 F.3d 1156, 1166-67 (10th Cir. 2012), citing *Luna v. Bowen*, 834 F.2d 161, 163-64 (10th Cir. 1987).[3]  As part of the symptom analysis, the ALJ should consider the factors set forth in 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3), including: (i) daily activities; (ii) the location, duration, frequency, and intensity of pain or other symptoms; (iii) precipitating and aggravating factors; (iv) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken; (v) treatment for pain relief aside from medication; (vi) any other measures the claimant uses or has used to relieve pain or other symptoms; and (vii) any other factors concerning functional limitations. *See* Soc. Sec. Rul. 16-3p, 2017 WL 5180304, at *7-8.  An ALJ's symptom evaluation is entitled to deference unless the Court finds that the ALJ misread the medical evidence as a whole. *See Casias,* 933 F.2d at 801.  An ALJ's findings regarding a claimant's symptoms "should be closely and

---

[2] SSR 16-3p is applicable for decisions on or after March 28, 2016, and superseded SSR 96-7p, 1996 WL 374186 (July 2, 1996). *See* SSR 16-3p, 2017 WL 5180304, at *1.  SSR 16-3p eliminated the use of the term "credibility" to clarify that subjective symptom evaluation is not an examination of [a claimant's] character." *Id.* at *2.

[3] Analyses under SSR 16-3p and *Luna* are substantially similar and require the ALJ to consider the degree to which a claimant's subjective symptoms are consistent with the evidence. *See, e. g., Paulek v. Colvin*, 662 Fed. Appx. 588, 593-594 (10th Cir. 2016) (finding SSR 16-3p "comports" with *Luna)* and *Brownrigg v. Berryhill,* 688 Fed. Appx. 542, 545-546 (10th Cir. 2017) (finding the factors to consider in evaluating intensity, persistence, and limiting effects of a claimant's symptoms in 16-3p are similar to those set forth in *Luna*).  This Court agrees that Tenth Circuit credibility analysis decisions remain precedential in symptom analyses pursuant to SSR 16-3p.

affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) [quotation omitted]. The ALJ is not required to perform a "formalistic factor-by-factor recitation of the evidence[,]" *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000), but simply "recit[ing] the factors" is insufficient. *See* Soc. Sec. Rul. 16–3p, 2017 WL 5180304 at *10.

The ALJ's written opinion is summarized above, and the undersigned Magistrate Judge notes that the ALJ concluded that "the claimant's statements concerning the intensity, persistence, and limiting effects are not entirely consistent with the medical evidence and other evidence in the record." (Tr. 21). In making such a conclusion, the ALJ noted inconsistencies between the claimant's subjective statements of pain and the evidence of record, including: (i) no longitudinal evidence "of any kind for any impairment," (ii) the slight limp and reduced range of motion but otherwise normal physical consultative examination, and (iii) only mild to moderate findings in three separate consultative examinations (Tr. 22). The undersigned Magistrate Judge notes that the ALJ further limited the claimant to sedentary work as opposed to light work, which was the assessment of the two state reviewing physicians, *because* he accounted for her combination of impairments and complaints (Tr. 22). Although perhaps a sparse opinion, the ALJ here sufficiently linked his subjective statement analysis to the evidence and provided specific reasons for the determination. There is no indication here that the ALJ misread the claimant's medical evidence taken as a whole, and his evaluation of the claimant's subjective statements is therefore entitled to deference. *See Casias*, 933 F.2d at 801.

"The final responsibility for determining RFC rests with the Commissioner, and because the assessment is made based upon all the evidence in the record, not only the relevant medical evidence, it is well within the province of the ALJ." *Corber v. Massanari*, 20 Fed. Appx. 816, 822 (10th Cir. 2001) *citing* 20 C.F.R. §§ 404.1527(e)(2); 404.1546; 404.1545; 416.946. The essence of the claimant's appeal is that the Court should reweigh the evidence and reach a different result, which the undersigned Magistrate Judge simply may not do. *See, e. g., Casias*, 933 F.2d at 800. Accordingly, the decision of the Commissioner should be affirmed.

## Conclusion

The undersigned Magistrate Judge hereby PROPOSES a finding by the Court that correct legal standards were applied by the ALJ, and the Commissioner's decision is therefore legally correct. The undersigned Magistrate Judge thus RECOMMENDS that the Court AFFIRM the decision of the Commissioner. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b).

**DATED** this 23rd day of February, 2021.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**